SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION
Civil Actions Branch

| | |
|---|---|
| DAVID W. BROWN<br>9655 Perkins Road #C-113<br>Baton Rouge, LA  70810,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY<br>600 5th Street, NW<br>Washington, DC  20001,<br><br>    Defendant. | Civil Action No. 2019 CA 005536 B |

## COMPLAINT

Plaintiff David W. Brown ("Brown") brings this action against Defendant Washington Metropolitan Area Transit Authority ("WMATA") pursuant to the WMATA Public Access to Records Policy ("PARP"). The PARP provides, "WMATA will interpret and apply this Policy consistent with the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552, and federal practice." PARP § 1.0, *available at* https://www.wmata.com/about/records/public_docs/upload/PI-209-203_Public-20Access-20to-20Records_FINAL-2001-2017-202019.pdf (last accessed Aug. 20, 2019).

## JURISDICTION

1.   This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to Section 81 of the WMATA Compact, D.C. Code § 9-1107.01.

## VENUE

2. Venue is appropriate under Section 81 of the WMATA Compact, D.C. Code § 9-1107.01.

## PARTIES

3. Plaintiff David W. Brown is a U.S. citizen and is a resident of the state of Louisiana. Brown is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A) and PARP § 8.2.

4. Defendant WMATA is the agency which operates and administers the mass transit system in the Washington, DC, metropolitan area, and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

## FIRST CAUSE OF ACTION

## (RECORDS DENIAL – 19-0033)

5. Brown repeats and realleges the allegations contained in all paragraphs set forth above.

6. On 27 January 2019, Brown, through undersigned counsel, submitted a PARP request to WMATA for three official handbooks: *Metrorail Safety Rules and Procedures Handbook*; *Metrorail Station Standard Operating Procedures Handbook*; and *WMATA Department of Bus Service Employee Handbook*. Brown stated that he was a representative of the news media and specified that he preferred to receive all responsive records in electronic form.

7. On 13 February 2019, WMATA acknowledged Brown's PARP request and assigned it Request No. 19-0033.

8. WMATA refused to process the request, arguing that doing so would impose an undue burden because "it would take approximately 40 hours of staff time to review these records in order to find and redact the exempt information, at a cost of approximately, $3,681.60."

9. WMATA stated that it would close the request if Brown did not narrow the scope by 28 February 2019.

10. Brown did not narrow the scope of the request.

11. On 6 March 2019, WMATA closed the request.

12. On 22 March 2019, Brown appealed the closure of this request. WMATA acknowledged this appeal on 27 March 2019.

13. On 3 April 2019, WMATA affirmed the initial response "for the same reasons stated in that decision."

14. Brown has a legal right under the PARP to obtain the information he seeks, and there is no legal basis for the denial by WMATA of said right.

## SECOND CAUSE OF ACTION

### (FEE CATEGORY DENIAL – 19-0033)

15. Brown repeats and realleges the allegations contained in all paragraphs set forth above.

16. To demonstrate his right to be classified as a representative of the news media, Brown advised WMATA that he "is a regular contributor to *The Atlantic* and *The Week* magazine, and coauthor of the books *Deep State: Inside the Government Secrecy Industry* (John Wiley & Sons, 2013) and *The Command: Deep Inside the President's Secret Army* (John Wiley & Sons, 2012)."

17. On 13 February 2019, WMATA instructed Brown that he would need to supply more information to qualify as a representative of the news media. Specifically, WMATA claimed that he would need to submit: (a) a "written explanation of the purpose of [his] request and his intended use of the requested records"; (b) a "written affirmation . . . that he will use his editorial skills to generate a news article, or other original media content based on the records this request [sic]"; and (c) "[p]roof that [he] is expected to publish a news article related to the records [he] request[s] (e.g., a copy of contract [sic] to publish a news article)."

18. WMATA advised Brown that if he did not submit this additional information by 28 February 2019, it would categorize him as a commercial requester.

19. Brown did not provide any additional information to WMATA because neither the PARP nor FOIA require that a representative of the news media provide the types of information requested by WMATA.

20. On 6 March 2019, WMATA closed the request.

21. On 22 March 2019, Brown appealed his categorization as a commercial requester. WMATA acknowledged this appeal on 27 March 2019.

22. On 3 April 2019, WMATA affirmed the closure of Brown's request "for the same reasons stated in that decision." Upon information and belief, WMATA did not affirm the decision to categorize Brown as a commercial requester, but merely dismissed the appeal as moot.

23. Brown has a legal right under the PARP to be classified as a representative of the news media, and there is no legal basis for the denial by WMATA of said right.

## THIRD CAUSE OF ACTION

## (RECORDS DENIAL – 19-0164)

24.  Brown repeats and realleges the allegations contained in all paragraphs set forth above.

25.  On 18 May 2019, Brown, through undersigned counsel, submitted a PARP request to WMATA for "copies of all records of tips, warnings, or related communications sent to the Metro Transit Police since 1 July 2018 as part of the 'See Something, Say Something' campaign." Brown stated that he was a representative of the news media and specified that he preferred to receive all responsive records in electronic form.

26.  On 5 June 2019, WMATA acknowledged Brown's PARP request and assigned it Request No. 19-0164.

27.  WMATA refused to process the request, arguing that Brown did not "describe [the] records requested with sufficient detail to enable WMATA to locate them with a reasonable amount of effort." WMATA stated, "Please be advised that customers who communicate tips, warnings, etc. do not generally reference the reasons that they have made contact. Therefore, WMATA would be unable to state whether such communications are the result of a campaign."

28.  WMATA stated that it would close the request if Brown did not "specify what records [he] is seeking" by 20 June 2019.

29.  Brown did not provide any additional information to WMATA.

30.  On 3 July 2019, WMATA closed the request.

31.  On 3 July 2019, Brown appealed the closure of this request, stating, "As you are aware, WMATA is required to perform a search reasonably calculated to locate responsive records, and it must interpret requests liberally when designing and conducting such a search. In

5

this instance, WMATA has chosen to focus narrowly on its purported inability to ascertain why people made tips instead of interpreting the request liberally to include all tips made to security about potential security risks.  It was therefore not appropriate for WMATA to insist on 'clarification' of an already reasonably described request." WMATA acknowledged this appeal on 8 July 2019.

32. On 15 August 2019, WMATA affirmed the initial response, stating, "The general requirement to liberally construe requests does not require WMATA to interpret a request more broadly than the description that is reasonably contained in the request. . . . Your suggestion that WMATA should have construed your request to seek 'all tips' is a broader interpretation of your request than the description that is reasonably contained in your request.  Therefore, such an interpretation is not required by the general rule of liberal construction."

33. Brown has a legal right under the PARP to obtain the information he seeks, and there is no legal basis for the denial by WMATA of said right.

## FOURTH CAUSE OF ACTION

## (FEE CATEGORY DENIAL – 19-0164)

34. Brown repeats and realleges the allegations contained in all paragraphs set forth above.

35. To demonstrate his right to be classified as a representative of the news media, Brown advised WMATA that he "is a regular contributor to *The Atlantic* and *The Week* magazine, and coauthor of the books *Deep State: Inside the Government Secrecy Industry* (John Wiley & Sons, 2013) and *The Command: Deep Inside the President's Secret Army* (John Wiley & Sons, 2012)."

36. On 5 June 2019, WMATA instructed Brown that he would need to supply more information to qualify as a representative of the news media. Specifically, WMATA claimed that he would need to submit: (a) a "written explanation of the purpose of [his] request and his intended use of the requested records"; (b) a "written affirmation . . . that he will use his editorial skills to generate a news article, or other original media content based on the records this request [sic]"; and (c) "[p]roof that [he] is expected to publish a news article related to the records [he] request[s] (e.g., a copy of contract [sic] to publish a news article)."

37. WMATA advised Brown that if he did not submit this additional information by 20 June 2019, it would categorize him as a commercial requester.

38. Brown did not provide any additional information to WMATA because neither the PARP nor FOIA require that a representative of the news media provide the types of information requested by WMATA.

39. On 3 July 2019, WMATA closed the request.

40. On 3 July 2019, Brown appealed his categorization as a commercial requester. WMATA acknowledged this appeal on 8 July 2019.

41. On 15 August 2019, WMATA dismissed Brown's appeal of his categorization as a commercial requester as moot.

42. Brown has a legal right under the PARP to be classified as a representative of the news media, and there is no legal basis for the denial by WMATA of said right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff David W. Brown prays that this Court:

(1) Order the Washington Metropolitan Area Transit Authority to provide all responsive records to him in a timely fashion;

 (2) Order WMATA to categorize him as a representative of the news media;

 (3) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

 (4) Award reasonable costs and attorneys' fees as provided in PARP § 9.3.4 or any other applicable law; and

 (5) Grant such other relief as the Court may deem just and proper.

Date: August 21, 2019

             Respectfully submitted,

             /s/ Kelly B. McClanahan
             Kelly B. McClanahan, Esq.
             D.C. Bar #984704
             National Security Counselors
             4702 Levada Terrace
             Rockville, MD 20853
             301-728-5908
             240-681-2189 fax
             Kel@NationalSecurityLaw.org

             *Counsel for Plaintiff*