IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID W. BROWN, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> Defendant. | Civil Action No. 1:19-cv-02853-BAH |

### JOINT STATUS REPORT

In accordance with the Court's Order of October 1, 2020, the parties jointly report on the status of this matter and propose a schedule for further proceedings as follows:

1. Count One of the Complaint claims that Defendant improperly closed his Public Access to Records Policy ("PARP") request for three WMATA manuals: *Metrorail Safety Rules and Procedures Handbook*; *Metrorail Station Standard Operating Procedures Handbook*; and *WMATA Department of Bus Service Employee Handbook*.

2. On April 3, 2020, the parties submitted a joint status report (ECF No. 23) in which Defendant explained that it will process Plaintiff's request for the three WMATA manuals that are the subject of Count One, but could not commit to a date certain to complete the necessary redactions due to the emergency created by the COVID-19 pandemic and WMATA's temporary suspension of PARP request processing in order to focus the agency's resources on maintaining the safety of the Metro System.

3. On April 7, 2020, Plaintiff's counsel advised Defendant's counsel that Plaintiff does not agree to pay any fees for this request at this time, and that if WMATA intends to assess fees, it must do so and inform Plaintiff what they are before processing any records. Plaintiff's

counsel further specified that WMATA may not process or release any records without an express commitment from Plaintiff to pay fees if fees are assessed.

4. Following the April 3 joint status report, the Court directed the parties to submit another joint status report by July 2, 2020, "apprising the Court of the progress they have made in resolving Count One of the plaintiff's Complaint, the only count still in controversy in this matter." Minute Order of Apr. 3, 2020.

5. On July 2, 2020, the parities submitted a joint status report (ECF No. 24) advising that in light of the continuing emergency created by the COVID-19 pandemic and a two-alarm fire at the WMATA headquarters building on May 27, 2020 that severely affected WMATA's operations, Defendant did not have an estimate on processing Plaintiff's request for the manuals.

6. On September 30, 2020, the parties submitted a joint status report (ECF No. 25) advising that WMATA had resumed regular processing of PARP requests but faced a large backlog of requests as well as continued inability to access office space and short-staffing. WMATA had begun processing the manuals that are the subject of Count One of the Complaint, but could not estimate the date of completion in light of the need for careful review in light of the Sensitive Security Information in each manual and circumstances under which WMATA was operating.

7. WMATA has since progressed in its review of the manuals at issue, completing the first level of review, but still needs time to complete the review procedures specified by the PARP policy. In addition to the need for careful review, there remains a large backlog of PARP requests, staffing shortages persist, and WMATA lacks personnel dedicated to processing PARP requests. The continued remediation of WMATA's headquarters and the need for staff to work

from home for the foreseeable future also contribute to the need for additional time to complete the processing of the manuals at issue.

8. WMATA has not yet made a determination regarding the potential assessment of fees and will do so as part of the continued processing.

9. The parties respectfully request that the Court continue the stay of this matter pursuant to its inherent authority for 90 days, or until April 8, 2021. *See*, *e.g.*, *Landis v. North America Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

10. The parties further respectfully request that they submit a joint status report and proposal for further proceedings on or before April 8, 2021.

    Respectfully submitted,

/s/ Kelly B. McClanahan

Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

/s/ Caroline L. Wolverton

Anthony T. Pierce (D.C. Bar No. 415263)
Caroline L. Wolverton (D.C. Bar No. 496433)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K St N.W.
Washington, D.C. 20006
Telephone: (202) 887-4107
Facsimile: (202) 887-4288
cwolverton@akingump.com
*Counsel for Defendant Washington Metropolitan Area Transit Authority*

Dated: January 8, 2021